ALEJANDRO MONTALVO ET AL., Plaintiffs and Appellants, *v.* PAUL SMITH CONSTRUCTION COMPANY OF P. R., Defendant and Appellee.

No. 9063.   Argued March 9, 1945.—Decided April 9, 1945.

Frank Torres for appellants. E. T. Fiddler, José G. González, Jorge M. Morales, Tomás I. Nido, and Ramón L. Nevares for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

In this case it is sought to recover compensation for extra hours alleged to have been worked by plaintiffs for the defendant corporation in excess of the legal 8-hour day.

It is alleged in the complaint that the defendant is a corporation organized under the laws of Puerto Rico and engaged in the construction of buildings and engineering works; that the plaintiffs were employed by the defendant to work on the construction project for the military camp known as Losey Field, at Juana Díaz, Puerto Rico; and that the overtime claimed by each of the plaintiffs is as follows:

*Alejandro Montalvo:*

From November 22, 1940, to March 13, 1941, at the ordinary rate of 39¢ p. h., claims 287 hours overtime at 78¢ p. h. _____ $223. 30

From April 9 to July 2, 1942, at the ordinary rates of 45¢ and 50¢ p. h., claims 245 hours overtime at 90¢ and $1.00 p. h. _____ $237. 30

From July 2 to August 6, 1942, at the ordinary rate of 50¢ p. h., claims 56 hours overtime which were paid to him on the basis of time and a half instead of double the ordinary rate _____ 14. 12.

Total_____ $474. 72

*José A. Santiago:*
From November 22, 1940, to April 3, 1941, at the ordinary rate of 26½¢ p. h., claims 933 hours overtime at 53¢ p. h. ------------------------------------------------------ $494. 49

*Luciano Ferreiro, Jr.:*
From November 22, 1940, to April 3, 1941, at the ordinary rate of 26½¢ p. h., claims 929 hours overtime at 53¢ p. h. ------------------------------------------------------ $492. 37

*Marcos González Pagán:*
From November 22, 1940, to January 23, 1941, at the ordinary rate of 25¢ p. h., claims 428 hours overtime at 50¢ p. h. ------------------------------------------------------ $214. 00

The defendant answered and specifically denied the essential averments of the complaint. It denied specially having employed the plaintiffs or any of them at any time prior to October 21, 1941. As special defenses it set up:

1. That the defendant was incorporated under the laws of Puerto Rico on October 21, 1941, and did not engage in business before that date.

2. That the District Court of Ponce lacked jurisdiction to take cognizance of the case because the facts alleged in the complaint occurred, if at all, at Losey Field, which is located on land belonging to the Government of the United States and forms a Federal reservation, of which fact the court takes judicial notice.

3. That if the plaintiffs at any time worked longer than 8 hours, "they would not be entitled to recover for more than one hour in excess of the eight-hour period"; and that if they worked longer than 9 hours, they did so in violation of the law and were therefore precluded from recovering compensation for the hours in excess of the 9 hours authorized by Act No. 49 of August 7, 1935.

4. That the claims of the plaintiffs were barred under Act No. 73 of May 4, 1931 (Laws of 1931, p. 458), inasmuch as 60 days had already elapsed since the work for which payment is claimed had been finished.

After the case was heard by the District Court of Ponce, the latter rendered judgment dismissing the complaint. The ground for said judgment was that, as it appeared from plaintiffs' own evidence that the defendant was a domestic corporation, incorporated on October 21, 1941, the date on which the corresponding certificate of incorporation was issued by the Executive Secretary of Puerto Rico, said corporation had no legal capacity or existence prior to said date and hence it could not have engaged the services of the plaintiffs on the dates alleged in the complaint. Thereupon the plaintiffs appealed.

In their first assignment they urge that the trial court erred in not finding that the facts alleged in the complaint were proved, the defendant having failed to introduce any evidence to the contrary. Let us make a summary of the evidence.

Before introducing their witnesses, the plaintiffs presented the certificate of incorporation of the defendant company, dated October 21, 1941, which was admitted in evidence.

The plaintiff Alejandro Montalvo testified that he worked for the defendant during the three periods alleged in the complaint; that he always worked the full week of 7 days; that during the period from November 22, 1940, to March 13, 1941, he worked from 6 o'clock in the morning until 6 o'clock in the afternoon; that from April 9 to August 6, 1940, he worked from 7 o'clock in the morning until 6 o'clock in the afternoon; that the person who engaged him on November 22, 1940, was Mr. Lloyd Smith, official secretary of the company; that on the first project he worked in the office, in the ward of Potala, Juana Díaz, as chief timekeeper, and was in charge of handing badges to some 2,000 workmen; that on Fridays, pay-roll days, he worked until midnight or 1 o'clock in the morning; that on the second project he

worked as the person in charge of the materials; that when he started work on November 22, 1940, Mr. Lloyd Smith handed him an identification badge which bore on the upper part thereof the printed legend: "Paul Smith Construction Company, Inc. 40"; that he was never paid for the overtime hours which he worked; that for the work on the second project he was also employed by Mr. Lloyd Smith, who wrote him a letter on paper bearing the letterhead: "Paul Smith Construction Co., Incorporated, General Contractors, P. O. Box 4671, San Juan, Puerto Rico"; that during the first period he earned wages at the rate of 39 cents per hour or $22 weekly and during the second period, 50 cents per hour; that he performed his work at Losey Field, first in the construction of barracks and houses and afterward in the construction of the airfield.

Luciano Ferreiro, another plaintiff, testified that he worked as driver of a small motor truck which he took out at 6 o'clock in the morning; that he finished his work some days at 8 o'clock and others at 12 o'clock at night and worked 7 days during the week including Sunday; that he earned $15 weekly; that he worked from November 22, 1940, to April 3, 1941; that he was not paid for the overtime which he worked; that he worked for Paul Smith Construction Co. and was hired in the city at the Hotel Meliá of Ponce, where Mr. Lloyd Smith and Mr. Carl Smith gave him a badge bearing the legend: "Paul Smith Construction Company, Inc. 35."

Plaintiff Marcos González testified that he worked as watchman for Paul Smith Construction Company from November 22, 1940, to January 23, 1941, each day from 4 o'clock in the afternoon until 7 o'clock the next morning; that the person who hired him was Harry C. Smith, one of the company chiefs; that he earned $14 for a seven-day week; that he made his claim because he had worked for 15 hours and the agreement was to work 8 hours only.

Plaintiff José Antonio Santiago testified that he worked as chauffeur for Paul Smith Construction Company of P. R.; that he started on November 22, 1940, and ceased in his work on April 3, 1941; that he was hired by the chief, Mr. Lloyd Smith, that he worked during 7 days each week from 6 o'clock in the morning until 8 o'clock at night and some days until midnight, taking turns with another chauffeur; that he earned wages at the rate of $15 weekly; that he was handed a badge similar to those given to the other plaintiffs; and that he performed his work at Losey Field, which is a United States army base.

Testifying as a witness called by the plaintiffs, Mr. Ernest Lloyd Smith stated that he has resided in Puerto Rico since December 1, 1940, and prior to that time he resided in Saint Thomas, being engaged in the construction of naval bases as representative of Paul Smith Construction Co., which is a corporation organized under the laws of the State of Florida; that he came to Puerto Rico in connection with the construction business; that his first business was the construction of an army air base at Losey Field; that Paul Smith Construction Company of Puerto Rico has no connection whatsoever with Paul Smith Construction Company of Florida.

We are of the opinion that the lower court did not err in weighing the evidence introduced by the plaintiffs. The complaint has been directed against Paul Smith Construction Company of P. R., a corporation which did not acquire legal existence until October 21, 1941, when its certificate of incorporation was issued by the Executive Secretary of Puerto Rico. The evidence shows that the four plaintiffs were hired by representatives of Paul Smith Construction Co., Inc., a corporation organized in the State of Florida. With the exception of the overtime which plaintiff Montalvo claims to have worked for Paul Smith Construction Co. of P. R. during the period from April 9 to August 6, 1942, all the claims refer

to facts which anteceded the incorporation of said company in Puerto Rico. The evidence not only failed to establish the existence of common interests or relations between the Florida corporation and the Puerto Rico corporation, but on the contrary showed, through the testimony of Mr. Ernest Lloyd Smith, a witness called by the plaintiffs, the nonexistence of such relations or interests. Counsel for the plaintiffs, after calling to the witness stand Mr. Ernest Lloyd Smith, who stated that he was the office manager of the Florida corporation and secretary of the domestic corporation, made no effort to elicit from said witness the data or information that perhaps might have established the existence of a community of interests between both entities on which to base the liability of the domestic corporation for the obligations contracted by the foreign corporation. The lower court, therefore, did not err in dismissing the complaint as to the claims for work performed prior to October 21, 1941.

In our judgment, the claim of plaintiff Alejandro Montalvo for extra hours worked for Paul Smith Construction Company of Puerto Rico during the period from April 9 to August 6, 1942, was sufficiently established by the evidence. Said plaintiff worked, as the person in charge of the construction materials belonging to said company, from 7 o'clock in the morning to 6 o'clock in the afternoon each day during the seven-day week including Sunday. The plaintiff alleges that during the 119 days covered by said period, he worked 245 hours overtime for which he claims double compensation, at the rates of 90 cents and $1.00 for each ninth, tenth, or eleventh hour; and 56 hours overtime for which he claims only 25 cents for each ninth, tenth, or eleventh hour, as he has already received payment at the rate of time and a half instead of double the ordinary pay. His testimony at the trial was not contradicted by any evidence of the defendant.

The lower court dismissed the complaint in all its parts, without considering or deciding the jurisidictional question

raised by the defendant corporation. Since we think that the claim of the above-mentioned defendant as to the work performed by him on the second Losey Field project is well-founded, we feel bound to consider and discuss said question.

■ The defendant maintains that, as the facts on which the complaint is based occurred at Losey Field, which is located on land belonging to the Government of the United States, and constitutes a Federal reservation, this court lacks jurisdiction over the subject matter of the action.

This court has heretofore had occasion to consider and pass upon alleged conflicts of jurisdiction between the United District Court for Puerto Rico and the insular courts.

In *People* v. *Suárez,* 51 P.R.R. 877, the question involved was whether the District Court of San Juan had jurisdiction to take cognizance of a criminal prosecution brought against Suárez for having used explosives in order to destroy a building used as a post office in Puerta de Tierra. We held that it did have such jurisdiction, since the mere occupancy by the Federal Government of a building as a post office, does not give rise to any presumption of exclusive jurisdiction of the Federal courts, in the absence of a showing that the Federal Government purchased or expropriated the building in question, with the consent of the Insular Legislature. We further held that exclusive jurisdiction is never presumed, and that he who claims it must prove it.

In *People* v. *Fuentes,* 56 P.R.R. 641, the appellant was convicted of assault and battery and of carrying a weapon, and both offenses were committed on the Yunque Highway. The appellant, in his brief submitted to this court, raised the jurisdictional question and urged that the district court acted without jurisdiction, as the Yunque Highway belonged to the United States and was under the exclusive control of the Federal Government. Confirming our decision in *People* v. *Suárez, supra,* we held that, as it had not been proved that the Insular Government had transferred to the Federal Gov-

ernment the section of the highway on which the facts occurred, the error assigned was without merit.

In the instant case, the appellee raised the jurisdictional question but it failed to submit, either in the lower court or in this court, any evidence to support its allegation or to establish the basis for invoking the exclusive jurisdiction of the Federal Court. For that reason, and in accordance with the above-mentioned decisions, the objection of want of jurisdiction must be overruled.

■ It only remains to fix the amount which the defendant must pay to plaintiff Alejandro Montalvo.

According to the testimony of the latter, during the 84-day period comprised between April 9 and July 2, 1942, he worked 245 hours overtime; and from July 2 to August 6, 1942, he worked 56 additional hours which were paid at the rate of time and a half or at 75 cents per hour. Montalvo testified that he was paid at the rate of $22 a week and that throughout said period he worked from 7 o'clock in the morning until 6 o'clock at night, or 11 hours daily. Under the rule laid down in *Cardona* v. *District Court*, 62 P.R.R. 59, if Montalvo agreed to work 11 hours daily during the 7 days of each week, that is, 77 hours weekly, the rate per hour should be 28½¢; and, as he has received the agreed wages of $22 a week, it follows that "the workman has already been fully compensated at the ordinary rate for all twelve hours although, he will, of course, still be entitled to the extra compensation for the ninth hour which the statute specifically provides he shall receive." Plaintiff Maldonado is therefore entitled to double compensation for the ninth hour worked by him during the 84-day period from April 9 to July 2, 1942, at the ordinary rate of 28½¢ per hour; but since he has already received compensation at the ordinary rate, he is now entitled to compensation for the 84 hours overtime at the rate of 28½¢ per hour, or a total of $23.94. For the 36 ninth hours worked by him during the

36-day period from July 2 to August 6, 1942, computed at the rate of 28½¢ per hour, the plaintiff should receive the sum of $10.26.

The judgment appealed from should be reversed and another rendered instead adjudging the defendant to pay to the plaintiff Alejandro Montalvo the sum of $34.20, without costs.